**ABDUSEMET, Petitioner**

v.

**Robert M. GATES, U.S. Secretary of Defense, et al., Respondents.**

**Jalal Jalaldin, Petitioner**

v.

**Robert M. Gates, U.S. Secretary of Defense, et al., Respondents.**

**Khalid Ali, Petitioner**

v.

**Robert M. Gates, U.S. Secretary of Defense, et al., Respondents.**

**Sabir Osman, Petitioner**

v.

**Robert M. Gates, U.S. Secretary of Defense, et al., Respondents.**

**Nos. 07–1509 to 07–1512.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 12, 2008.

Susan Baker Manning, Bingham, McCutchen, LLP, Washington, DC, Neil Gregory McGaraghan, Jason Stiles Pinney, Rheba Rutkowski, P. Sabin Willett, Bingham, McCutchen, LLP, Boston, MA, for Plaintiff.

Jonathan Fredrick Cohn, Michael P. Abate, August Edward Flentje, Catherine Y. Hancock, Gregory George Katsas, Peter Douglas Keisler, Douglas N. Letter, Robert Mark Loeb, Mark B. Stern, U.S. Department of Justice, Office of the Attorney General, Washington, DC, for Respondents.

Before: GINSBURG and GRIFFITH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

After these cases were fully briefed by the parties, the Government moved to remove the cases from the oral argument calendar and to enter the judgment in *Parhat v. Gates* in these actions, with modification. With petitioners' consent, the cases were removed from the court's calendar by order filed August 20, 2008. Upon consideration of the Government's motion for judgment, the response thereto, and the reply; and the Government's motion to designate as "protected information" nonclassified information in the record on review, the response thereto, the reply, and the Government's request (contained in the motion for judgment) that it be given a further opportunity to designate and support the designation of protected information, it is

**ORDERED** and **ADJUDGED** that the judgment in *Parhat v. Gates,* 532 F.3d 834 (D.C.Cir.2008), is hereby entered in these actions, as follows:

> We direct the Government to release or to transfer the petitioners, or expeditiously to hold a new Combatant Status Review Tribunal. This disposition is without prejudice to petitioners' right to seek release immediately through a writ of habeas corpus in the district court, pursuant to the Supreme Court's decision in *Boumediene v. Bush,* — U.S. ——, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008).

We note, however, the Government's representation that "[i]n light of its determination not to expend its limited resources to continue litigating the enemy combatant status of these detainees, the Government will now treat these petitioners ... as if they are no longer enemy combatants." Accordingly, the Government has assured the court and petitioners' counsel that it will use "its best efforts to place them in a foreign country." We note, however, that no issue regarding the places to which these petitioners may be released is before this panel. It is

**FURTHER ORDERED** that the motion to designate be denied without prejudice. Respondents are directed to file, within 30 days of the date of this judgment, a renewed motion in each case, accompanied by a copy of the Combatant Status Review Tribunal record for each petitioner, identifying the specific information for which the Government seeks protected status and pleadings explaining why such designations are warranted in each case. *See Parhat,* 532 F.3d at 836–37, 851–53.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to issue the mandate forthwith.